**Donna M. WINIARSKI, Plaintiff,**

v.

**STATE OF CONNECTICUT DEPART-MENT OF PUBLIC HEALTH, et al., Defendants.**

**No. 3:00CV2321(RNC).**

United States District Court, D. Connecticut.

July 17, 2003.

John Rose, Jr., Jason W. Cohen, Levy & Droney, P.C., Farmington, CT, for Plaintiff.

U.S. Court of Appeals, Office of the Clerk, New York City, Notice only.

Gary S. Starr, Vaughan Finn, Stephen M. Sedor, Shipman & Goodwin, Hartford, CT, for Defendants.

## *RULING AND ORDER*

CHATIGNY, District Judge.

Plaintiff brings this action against her long-time employer, the State of Connecticut Department of Public Health ("DPH"), claiming that DPH has subjected her to a number of adverse employment actions in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq., and the First Amendment. DPH has moved for summary judgment on the Title VII claims.[1] After careful consideration, I agree that these claims are legally insufficient and therefore grant the motion.[2]

---

1. The summary judgment motion does not address a public employee First Amendment retaliation claim that appears in count five of the third amended complaint.

2. Motions to strike filed by DPH are hereby

## I. *Facts*

In 1990, after working at DPH for many years, plaintiff began working as the agency's unofficial webmaster. In 1994, she was promoted to the position of Pre–Professional Trainee ("PPT"). In 1996, she was demoted from the PPT position to a position as an administrative assistant. In 1997, she regained her position as a PPT after enlisting the support of her state senator and was assigned to the Internet Planning Committee ("IPC"). In July 1999, on the recommendation of plaintiff's supervisor, her position as a PPT was terminated and she was demoted again to the position of administrative assistant. At the same time, she was removed from the IPC and lost her position as DPH's webmaster.

In November 1999, plaintiff filed a complaint of discrimination with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). She was later assigned to work with Len McCain, whom she characterizes as a known "womanizer." Since filing her CHRO complaint, she has been assigned to the vital records department where she has performed strictly clerical duties entailing significantly less responsibility than the duties she had when she was a PPT.

## II. *Discussion*

### A. *Discrimination*

Plaintiff claims that DPH violated Title VII's prohibition of discriminatory treatment of employees based on sex when it terminated her position as a PPT in July 1999, demoted her for the second time to the position of administrative assistant, removed her from the IPC, and took away her webmaster duties. These interrelated actions will be referred to collectively as the demotion in July 1999.

Plaintiff's sex discrimination claim is analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a prima facie case of discrimination, plaintiff must demonstrate that she suffered an adverse employment action in circumstances supporting a reasonable inference of discrimination. *Shumway v. United Parcel Service*, 118 F.3d 60, 63 (2d Cir.1997). If this burden is met, DPH must articulate a nondiscriminatory reason for the challenged action, one that is both "clear and specific." *Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir.1985). If such a reason is proffered, DPH "will be entitled to summary judgment ... unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination." *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir.2000). Summary judgment will be denied if the evidence, viewed fully and most favorably to her, permits a logical inference that DPH's articulated reason is a pretext for discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

Plaintiff's claim that the adverse employment actions she suffered in July 1999 were motivated by discrimination rests on the following circumstantial evidence: (1) she was demoted by a man; (2) she was replaced on the IPC by a man at a time when all other members of the IPC were men; and (3) her webmaster duties were given to men. DPH contends that this is insufficient to establish a prima facie case, particularly because plaintiff presents no evidence that other women were qualified for, or interested in, either her position on the IPC or her duties as webmaster.

Plaintiff's burden of establishing a prima facie case is "minimal." *See Howley v. Town of Stratford*, 217 F.3d 141, 150 (2d

denied as moot.

Cir.2000). And a prima facie showing merely serves to force an employer to articulate a nondiscriminatory reason for its action, which DPH has done. Accordingly, rather than dwell on the sufficiency of plaintiff's prima facie case, I assume it is marginally sufficient.

DPH states that plaintiff was demoted because she demonstrated poor interpersonal skills as a PPT. This proffered justification, although somewhat subjective in nature, is sufficient to satisfy DPH's burden under *McDonnell Douglas.*

■ Plaintiff contends that DPH's explanation is a mask for discrimination because she got positive marks for teamwork in previous years. The probative value of the prior employment evaluations as evidence of pretext is slight. The issue is not whether plaintiff got along well with others in previous years but whether DPH is dissembling when it says she had interpersonal problems as a PPT.[3]

■ When an employee's prima facie case of discrimination is strong, and the record supports a finding that the employer's explanation for its action is pretextual, more may be unnecessary to support an ultimate finding of discrimination. However, when a prima facie case is weak, and evidence of pretext is also weak, a plaintiff must have other evidence of discrimination

to sustain her ultimate burden of proof. *See Reeves,* 530 U.S. at 148, 120 S.Ct. 2097; *James,* 233 F.3d at 154–157; *see also St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 519, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) ("It is not enough ... to *dis* believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination.").

Plaintiff's claim based on the demotion in July 1999 falls into the latter category. Her prima facie case is not strong; DPH's explanation that no discrimination occurred is supported by substantial evidence;[4] plaintiff's proof of pretext is notably weak; and she presents no other evidence to support a finding of discrimination. Accordingly, DPH is entitled to summary judgment on this claim.[5]

### B. Hostile Environment

■ Title VII is violated "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Plaintiff claims that she was subjected to a hostile working environment at DPH in that (1) McCain accused her of flirting,

3. In her complaint and opposition papers plaintiff alleges that defendants hacked into, or otherwise tampered with, her computer in order to prevent her from competently performing her work, and that this caused her to have problems with co-workers. These allegations are not supported by expert testimony or other admissible evidence. In the absence of such evidence, plaintiff's admission that she had problems with co-workers tends to corroborate DPH's explanation for the demotion.

4. DPH's explanation is supported by contemporaneous email exchanges, affidavits, and deposition testimony demonstrating that plaintiff was at times verbally abusive and

otherwise inappropriate in her behavior in the workplace.

5. Plaintiff claims that following the demotion in July 1999, DPH violated Title VII's ban on sex bias when it assigned her to work with McCain and restricted her duties to menial tasks. DPH argues that the record does not support a finding that this was an adverse employment action. For reasons discussed more fully in connection with plaintiff's retaliation claim, *see* page 7, *infra,* I agree that the transfer did not constitute adverse employment action under Title VII. I also agree that, in any event, the record does not permit a reasonable inference that the transfer was motivated by discrimination.

although she understood him to be "joking around"; (2) on a few occasions when she spoke with McCain, he spread his legs in a way she found suggestive; and (3) at a retirement party, McCain picked food off her plate, put his arm around her, pulled her toward him, tickled her waist, and called her "a difficult woman" when she pulled away. Crediting plaintiff's account, her claim fails as a matter of law because the events she describes are not sufficiently pervasive or severe to create a hostile working environment under Title VII. *See Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir.2001); *Brennan v. Metropolitan Opera Assn.*, 192 F.3d 310, 313 (2d Cir.1999).

### C. *Retaliation*

Under Title VII, it is unlawful for an employer to retaliate against an employee for engaging in activity protected by the statute. Plaintiff claims that her demotion in July 1999 violated this prohibition. Her retaliation claim fails as a matter of law because she presents no evidence of a causal link between the demotion and any protected activity.

■ Plaintiff states that she saw DPH managers ransack the briefcase and desk of a co-worker, Jeffrey Lewczyk, and that she testified for Lewczyk in connection with a complaint he filed with the CHRO. The alleged ransacking of Lewczyk's things occurred in 1997, long before plaintiff's demotion in July 1999, and she did not testify for Lewczyk until after she was demoted. The lapse of time between the ransacking and the demotion is insufficient to support a reasonable inference of retaliation, and there is no evidence that plaintiff was demoted because higher-ups knew she was planning to testify for Lewczyk.

■ Plaintiff also claims that she was subjected to retaliation after she filed her CHRO complaint in that she was transferred to the vital records department where she was given "sub-clerical" tasks inappropriate for an employee of her experience. This claim fails because the record does not support a finding that the transfer constituted an adverse employment action for purposes of Title VII.

An employee suffers an adverse employment action under Title VII if she is subjected to a "materially adverse change" in the "compensation, terms, conditions, or privileges of employment." A lateral transfer involving no reduction in pay or benefits may constitute an adverse employment action if it "alters the terms and conditions of the plaintiff's employment in a materially negative way," *Patrolmen's Benevolent Ass'n v. City of New York*, 310 F.3d 43, 51 (2d Cir.2002), for example, "if it results in a change in responsibilities so significant as to constitute a setback to the plaintiff's career." *Galabya v. New York City Board of Education*, 202 F.3d 636, 641 (2d Cir.2000). *See also Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) ("Reassignment with significantly different responsibilities" can constitute an adverse employment action).

Plaintiff has not made this showing with regard to her lateral transfer as an administrative assistant. It is undisputed that the tasks she was given were within the job description of an administrative assistant at DPH. Moreover, plaintiff compares her responsibilities in McCain's group to the duties she had as DPH's webmaster, rather than those of other administrative assistants. On this record, no reasonable juror could find that the transfer constituted an adverse employment action. *See Galabya*, 202 F.3d at 640–42.[6]

---

**6.** Plaintiff's personal feeling that the tasks she was given were beneath her is insufficient to sustain a Title VII retaliation claim. *See, e.g.,* *Sanders v. City of New York*, 200 F.Supp.2d 404, 407–08 (S.D.N.Y.2002).

### III. *Conclusion*

For the foregoing reasons, defendants' motion for summary judgment is hereby granted.

So ordered.